IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH DEWAYNE TANNIEHILL, | § § § § | |
| Petitioner, | § § | |
| v. | § § | No. 3:23-cv-02818-B (BT) |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Kenneth Dewayne Tanniehill, a federal prisoner who was convicted and sentenced[1] here in the Northern District of Texas, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, asking the Court to correct his "jail time credit and release date." ECF No. 3. However because Tanniehill is incarcerated at U.S.P. Yazoo City in Yazoo City, Mississippi, this Court lacks jurisdiction to consider his request. The Court should *sua sponte* dismiss his petition without prejudice for lack of jurisdiction.

Tannehill correctly brings his claims—that he should receive credit for time spent in county jail and for time in federal custody on a writ of habeas corpus ad

---

[1] Tanniehill pleaded guilty to possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) & b(1)(C). *See United States v. Tanniehill*, 3:17-CR-00154-B(5); doc. 345. On August 30, 2018, the Court sentenced him to 100 months of imprisonment, to run concurrently with sentences imposed in related state cases. *See id.* at 2.

prosequendum—under § 2241. *See, e.g., United States v. Reed,* 100 F. App'x 258, 259 (5th Cir. 2004) (per curiam) (Section 2241 is the proper procedural vehicle for challenging the execution of a sentence, including a request for "jail time credits"); *United States v. Ford,* 2021 WL 5339644, at *1 (N.D. Tex. Oct. 19, 2021), *rec. accepted* 2021 WL 5331513 (N.D. Tex. Nov. 15, 2021) (citing *Smith v. McConnell,* 950 F.3d 285, 288 (5th Cir. 2020); *United States v. Gabor,* 905 F.2d 76, 77-78 (5th Cir. 1990) (concluding attack on calculation of time served on a sentence should be brought under § 2241)).

But a § 2241 petition "must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Indeed, the court does not have jurisdiction to consider a § 2241 petition unless the federal prisoner or his custodian are found within the jurisdiction of the district court. *See Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978) (per curiam). "Without such jurisdiction, the court has no authority to direct the actions of the restraining authority." *Lee v. Wetzel*, 244 F.3d 370, 374 (5th Cir. 2001) (quoting *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999)). Moreover, when a district court does not have jurisdiction over a § 2241 petition, the court should dismiss the petition without prejudice to permit the petitioner to file it in the proper court. *Id.* at 375.

Because Tanniehill is confined in Yazoo City, Mississippi, this Court lacks jurisdiction to consider his request for jail time credit and corrected release date.

2

Therefore, the Court should dismiss without prejudice his § 2241 petition for lack of jurisdiction.

## Recommendation

The Court should dismiss Tanniehill's §2241 petition without prejudice for lack of jurisdiction.

SIGNED January 12, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).